UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MATTHEW J. KING, )
 )
 Plaintiff, )
 )
 v. ) No. 4:09-CV-24-DDN
 )
CONNIE SMITH, et al., )
 )
 Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Matthew J. King for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this 42 U.S.C. § 1983 action against Connie Smith, Christopher Robert, April Osborn, Sandie Propst, Tera Dickey, Angela Phillips, Debbi Regan, Janell Lynn, and Alan Blake. Plaintiff alleges that he is suing defendants "for their personal negligence." He claims that defendants failed to protect him from being struck by another MSOTC resident, "Mr. Daily." Specifically, plaintiff alleges that he "walked toward Mr. Daily who then stood up and struck plaintiff in his left side of his head," after which plaintiff "was looked over by both medical and security staff." Plaintiff also alleges that he received two false conduct violations, that Mr. Daily

"spilled hot coffee on his hand . . . [and] tried to blame plaintiff for his negligence," and that Mr. Daily "verbally attack[ed] plaintiff with use of derogatory comments," "[made] comments about plaintiff lying," and "slapped plaintiff's left side of his face with an open hand." Plaintiff alleges that after he was slapped, defendants were negligent in failing to ask plaintiff if he needed medical attention.

Having carefully considered plaintiff's claims, the Court concludes that the instant action is legally frivolous. Plaintiff's allegations simply do not rise to the level of a constitutional deprivation and are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)(mere negligence does not rise to the level of an Eighth Amendment violation); Sandin v. Conner, 515 U.S. 472 (1995)(for the Due Process Clause to be implicated, an inmate must be subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"); Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998)(to establish Eighth Amendment failure-to-protect claim, inmate must show he was incarcerated under conditions posing substantial risk of serious harm, and defendants knew risk existed but deliberately disregarded it). Cf. Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996) (Eighth Amendment duty to protect prisoners from attacks requires only that prison officials

3

take reasonable measures to abate substantial risks of serious harm of which they are aware); Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986)("rough language" resulting only in "bruised feelings" not actionable under § 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 6th day of February, 2009.

/s/ **Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**